**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER CASTELLANOS-MENDOZA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-357

Agency No.
A205-321-000

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024[**]

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Walter Castellanos-Mendoza, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

second motion to reopen and denying a motion to reconsider the denial of his first

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen and the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Castellanos-Mendoza's second motion to reopen as numerically barred and untimely, *see* 8 U.S.C. § 1229a(c)(7)(A) (only one motion to reopen allowed), (c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and he has not established changed country conditions in Guatemala to qualify for an exception, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii) (filing limitations do not apply to a motion to reopen "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed). We generally lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) (denial of sua sponte reopening is committed to agency discretion and unreviewable).

The BIA did not abuse its discretion in denying Castellanos-Mendoza's motion to reconsider as untimely, *see* 8 U.S.C. § 1229a(c)(6)(B) (motion to

reconsider must be filed within thirty days of the final removal order), and he failed to establish any error of fact or law in the BIA's denial of his first motion to reopen, *see* 8 C.F.R. § 1003.2(b)(1); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("A petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**